**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARTER HARGRAVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CV-006-JHP-TLW |
| ) | |
| CHIEF ASIAN, LLC and ) | |
| MARTIN ENG, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Defendant Martin Eng's "Peremptory Challenge and Motion to Recuse Judge; Points and Authorities; Certificate of Party in Support Thereof," which has been deemed a Motion to Recuse by this Court. [Docket No. 42]. Martin Eng ("Defendant") alleges that the undersigned has a personal bias in favor of the plaintiff in the instant action. For the reasons cited herein, Defendant's motion is DENIED.

**DISCUSSION**

Defendant, appearing *pro se*,[1] cites as the foundation of his Motion to Recuse 28 U.S.C. § 144 ("§ 144"), which states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the

---

[1] This Court construes the submissions of a *pro se* party liberally, and such submissions are "held to a less stringent standard." *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

term at which the proceeding is to be heard . . . . It shall be accompanied by a
certificate of counsel of record stating that it is made in good faith.

Thus under § 144, if a party presents an affidavit of bias that conforms to the requirements of the statute, recusal is mandatory. To be effective, "an affidavit of bias . . . must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel." Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987).

In the instant case, the Defendant attached a "Certificate of Defendant"[2] to his Motion to Recuse in which he alleges that

> I believe that Judge Payne had a prior relationship with one of the members of the family of the plaintiff. The father of plaintiff is a prominent jurist in Oklahoma and is well known and favored by Judge Payne. . . . I believe Judge Payne is biased against me and defendants and in favor of plaintiff . . . .

Motion to Recuse, Certificate of Defendant ¶¶ 2-3, Docket No. 42 at 2.

As a preliminary matter, this Court notes that Defendant's Motion to Recuse and Certificate fulfill the statute's requirements that the motion be (1) made by a party, and (2) timely. Martin Eng, one of the two defendants herein, filed this Motion on November 29, 2010, at least ten days prior to any deadline listed on this Court's scheduling order. *See* Docket No. 30. Additionally, the "Certificate" filed by Defendant may be construed to fulfill the statutory requirement that "that affidavit be accompanied by a certificate of counsel stating that it is made in good faith." 28 U.S.C. § 144. Because Defendant is *pro se*, he is "counsel of record," and he states in the Certificate that

---

[2] This Court views the Defendant's "Certificate of Defendant," which is "made under penalty of perjury under the laws of the State of California" (Motion to Recuse, Certificate of Defendant, Docket No. 42 at 2), as an affidavit for purposes of the sufficiency analysis. *See also* Cal. Civ. Pro. Code § 2015.5 (giving "certificate" filed in accordance with state statute similar force and effect to an affidavit). Because the Court rules that as a matter of law the allegations contained in the Certificate are insufficient to invoke § 144, any potential issues surrounding the proper submission of an affidavit are moot.

"[t]his certificate is made in good faith." Motion to Recuse, Certificate of Defendant ¶ 4, Docket No. 42 at 2.

Even though these three elements are fulfilled, the Motion does not comply with all the strict requirements of § 144 because the "Certificate of Defendant" is legally insufficient to invoke mandatory recusal. Under § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and *sufficient* affidavit" alleging personal bias or prejudice against the presiding judge, "such judge shall proceed no further" in the case. 28 U.S.C. § 144 (emphasis added). When assessing the sufficiency of an affidavit, "the judge may not consider the truth of the facts alleged" (Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)), but should instead assess whether the alleged "facts 'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment'" (U.S. v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979) (quoting Berger v. U.S., 255 U.S. 22, 33-34 (1921)) (internal citation omitted) (disapproved on other grounds, U.S. v. Lang, 364 F.3d 1210, 1216 n. 3 (10th Cir. 2004))). "However, conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939 (citing *Berger*, 255 U.S. at 34). To be legally sufficient under § 144, an affidavit must "specifically allege[] facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). Finally, "there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Hinman*, 831 F.2d at 939.

In *Berger v. U.S.*, the Supreme Court interpreted § 144's predecessor and determined that the affidavit presented to the district judge contained sufficient factual allegations of the district judge's bias and prejudice such that § 144 required recusal. 255 U.S. at 36. In *Berger*, the party alleging

3

bias was a group of criminal defendants indicted under the Espionage Act, some of whom were born in Germany and Austria. *Id.* at 28. In their affidavit, the petitioners alleged a multitude of specific statements made by the presiding district judge which evidenced a prejudice against German-Americans, including a statement that "One must have a very judicial mind, indeed, not to be prejudiced against the German-Americans in this country. Their hearts are reeking with disloyalty." *Id.* at 28-29.

Defendant's statements "I believe Judge Payne had a prior relationship with one of the members of the family of the plaintiff" who is "a prominent jurist in Oklahoma" that is "well known and favored by Judge Payne" and "I believe Judge Payne is biased against me and defendants and in favor or plaintiff" (Motion to Recuse, Certificate of Defendant ¶¶ 2-3, Docket No. 42 at 2) simply do not overcome the defendant's substantial burden to allege facts demonstrating impartiality. By their own language, these statements are based on the Defendant's personal belief. Nothing in the certificate alleges personal knowledge of particular "facts of time, place, persons, occasion, and circumstances" which demonstrate a personal bias or prejudice harbored by the undersigned, as required by the Tenth Circuit in *Hinman v. Rogers*. 831 F.2d at 939.

Additionally, comparison of the instant case to *Berger* highlights the insufficiency of Defendant's allegations. Instead of alleging biased statements or actions against the undersigned, the Defendant merely alleges his belief in the fact that the undersigned knows and favors an unnamed "prominent jurist in Oklahoma" who happens to be the father of the *pro se* plaintiff herein. There is no allegation that the undersigned has outwardly demonstrated, by words or actions, any bias or prejudice against Defendant. Such general statements regarding the personal belief of Defendant are simply insufficient to invoke the mandatory recusal required by § 144.

In Tenth Circuit in *Hinman* stated, "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." 831 F.2d at 939 (internal citations omitted). This Court finds that this is such a circumstance. The allegations contained in Defendant's "Certificate" are vague, unsupported by facts and based on Defendant's personal belief. Under these circumstances, the undersigned is not required to recuse, and in fact is encouraged not to recuse by Tenth Circuit precedent.

## CONCLUSION

For the reasons cited herein, Defendant Martin Eng's Motion to Recuse [Docket No. 42] is hereby **DENIED**.

**IT IS SO ORDERED** this 16th day of December, 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma

5